JAN -6 1983

DOCKET NO. 532

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE DENNIS GREENMAN SECURITIES LITIGATION

ORDER DENYING TRANSFER

This litigation presently consists of four actions pending in four districts as follows: one action each in the District of Connecticut, the Southern District of Florida, and the Northern and Southern Districts of Georgia.[1]/ Now before the Panel is a motion by A.G. Becker, Inc., (Becker), the plaintiff in the three actions outside of Florida and a defendant and third-party plaintiff in the Florida action, to centralize the actions in this litigation in the Southern District of Florida under 28 U.S.C. §1407. All the defendants in the actions outside of Florida and one of the nine third-party defendants in the Florida action oppose transfer.

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. The claims in the actions pending outside of Florida are related primarily to a third-party complaint in the Florida action and share few questions with the complex, class action, securities and fraud claims that underlie the complaint in the Florida action. The defendants in the actions outside of Florida are not named in the complaint in the Florida action and they have not been implicated in the fraudulent acts that underlie the claims in that action. Nor are we persuaded that the actions outside of Florida share sufficiently complex factual questions with the third-party complaint in the Florida action. The non-Florida actions and the third-party complaint in Florida do share a common theory of liability, namely, negligent handling of wire transfers in which the named beneficiary and the holder of a named account do not correspond. Opponents to transfer have stressed that the central factual questions, however, will deal with: 1) whether the defendant bank received the wire transfer in question; 2) whether the named beneficiary and the holder of the designated account number corresponded; 3) the identity of the person or entity that received the money; 4) whether the money was made available to the named beneficiary or

---

\* Judge Edward S. Northrop took no part in the decision of this matter.

1/ A fifth action, A. G. Becker, Inc. v. National Bank of North America, S.D. New York, C.A. No. 82-Civ-6799, was included on the schedule of actions accompanying the motion now before the Panel. That action was subsequently voluntarily dismissed pursuant to a stipulation of the parties on November 9, 1982.

an authorized designee; and 5) the normal practices within the banking community in which the defendant bank is located regarding the disposition of wire transfers like those involved in the actions. Opponents stress that the facts which relate to these issues will necessarily be different for each of the actions, for each defendant bank, and for each of the almost 175 wire transfers upon which claims are being made by Becker. Thus, while the actions and third-party complaint may share some questions of law, in the absence of predominating common questions of fact, transfer under Section 1407 remains inappropriate. See In re Environmental Protection Agency Pesticide Listing Confidentiality Litigation, 434 F. Supp. 1235 (J.P.M.L. 1977); In re Natural Gas Liquids Regulation Litigation, 434 F. Supp. 665 (J.P.M.L. 1977); In re Eastern Airlines, Inc. Flight Attendant Weight Program Litigation, 391 F. Supp. 763 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 of the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-532 -- In re Dennis Greenman Wire Transfers Litigation

SOUTHERN DISTRICT OF FLORIDA

Leon Namoff, et al. v. Paine, Webber, Jackson & Curtis, Inc., et al., C.A. No. 81-0708-Civ. WMH

NORTHERN DISTRICT OF GEORGIA

A. G. Becker, Inc. v. Citizens & Southern Nat'l Bank, et al., C.A. No. C82-2219A

SOUTHERN DISTRICT OF GEORGIA

A. G. Becker, Inc. v. Trust Co. of Georgia Bank of Savannah, C.A. No. CV482-460

DISTRICT OF CONNECTICUT

A. G. Becker, Inc. v. Westport Bank & Trust Co., C.A. No. B82-602